### HUGHES v. DIEHL et al.
### No. 5983.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 16, 1949.

Decided Dec. 19, 1949.

Robert T. Armistead, Williamsburg, Va., for appellant.

Francis V. Lowden, Jr., and Archibald G. Robertson, Richmond, Va. (Hunton, Williams, Anderson, Gay & Moore, Richmond, Va., on the brief), for appellee Diehl Floral Shop.

John S. Davenport, III, and Howard C. Vick, Richmond, Va., on the brief for appellee Sherwin-Williams Co.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and CHESNUT, District Judge.

DOBIE, Circuit Judge.

Plaintiffs-appellees brought this civil action in the District Court of the United States for the Eastern District of Virginia to recover damages in the amount of $4,193.41 for alleged breach of warranty concerning certain specially treated holly wreaths sold and delivered to the plaintiffs by defendant-appellant, Charles Evans Hughes. Plaintiffs were Joseph F. Diehl, Laura Diehl, Martha Diehl and Josephine Diehl, partners trading as the Diehl Floral Shop and doing business in Cincinnati, Ohio. Defendant manufactured at Providence Forge, Virginia, wreaths made of natural holly, which wreaths are treated by a process which preserves them. In order to restore the original color, which is destroyed by this process, the wreaths must be painted. Defendant filed a third-party complaint against The Sherwin-Williams Company, alleging that if the wreaths were defective, the trouble was caused by the paint used for the wreaths and furnished by the third-party defendant.

The case was tried before a jury. The District Court directed a verdict in favor of The Sherwin-Williams Company, and the jury returned a verdict for the plaintiffs against Hughes in the sum of $4,024.02, with interest from December 24, 1945. The defendant moved the Court to set aside the verdict and enter judgment for the defendant, or, in the alternative, to set aside the verdict and grant a new trial. This motion was overruled and judgment was entered for the plaintiffs on July 6, 1949. Defendant has duly appealed to us.

Defendant first contends that his motion for a directed verdict should have been sustained on the ground that there was no evidence to prove the wreaths were defective at the time they were delivered to the carrier at Providence Forge, Virginia. He relies upon Upton & Co., Inc. v. Reeve, 123 Va. 241, 96 S.E. 277, where in an action by a vendor against a vendee to recover the purchase price for a shipment of onions, the vendee defended on the ground that the vendor had breached his contract by delivering rotting onions to the carrier. The Court, 123 Va. at page 248,

96 S.E. at page 279 stated: "Since the evidence left it equally probable that the defective condition complained of by defendant was as likely due to other causes for which the plaintiff was not responsible, as to a cause for which he was responsible, under a well-established rule of law, there was no evidence to support a verdict of the jury in favor of the defendant * * *." But judgment for the vendor was reversed on other grounds and a new trial ordered in which the Court indicated evidence might be introduced to show whether or not the defects might have occurred during transit. Thus, Upton v. Reeve, supra, merely stands for the familiar proposition that the verdict of a jury must be based upon more than mere speculation or conjecture. In Newbern v. Joseph Baker & Co., 147 Va. 996, 133 S.E. 500, where there was an action for breach of warranty regarding cabbages, the jury found the cabbages were diseased and overripe when shipped. The Court cited Upton v. Reeve but upheld the jury's verdict as supported by substantial evidence.

■ From an analysis of the evidence in the instant case we find that the jury's verdict in favor of plaintiffs was clearly supported by substantial evidence that the wreaths were defective when delivered to the carrier. The wreaths in question were sent from Providence Forge in three separate shipments during 1945, in three different railroad cars, at three different times, and there were defective wreaths in each shipment. There was also testimony that the wreaths found in loose boxes near the car doors on arrival were in good condition—while the defective wreaths must have been packed in boxes tied together in groups of one dozen and stored away from the car doors. Upon arrival in Cincinnati the wreaths were stored in three different places and wreaths from each storage place were found to be defective. There was testimony that the defective condition of the wreaths was caused by extreme heat or dampness. Yet the evidence showed that the storage places had been neither hot nor damp. They had been used before and after 1945 for storage of similar items, without the occurrence of any such damage.

The second contention made by defendant is that the District Court should have granted his motion for a mistrial because of improper questions and comments of plaintiffs' counsel. Under the circumstances of this case we can find nothing in the remarks of counsel that would justify a reversal of the judgment of the Court below. In this connection defendant also complains of questions put to him by counsel on cross-examination concerning his previous business experience; but this questioning seems most innocuous. It developed no new material facts for defendant refused to answer. Again we find no cause for reversal.

■ Defendant next attacks the admissibility in evidence of a written circular sent by him to the plaintiffs in 1948. Laura Diehl, plaintiff herein, testified that certain language contained in the 1948 circular was identical with that contained in a 1945 circular received by the plaintiffs from defendant. This testimony was not contradicted. Thus there is no dispute regarding the statements contained in different circulars. The correctness of Laura Diehl's memory is not challenged. The circular was properly admitted in evidence.

■ Nor do we find any merit in defendant's contention that the Court below should have limited the recovery by the plaintiffs to the cost of the wreaths which were returned by them to defendant. Defendant, himself, requested plaintiffs, after some of the wreaths had been found defective, to sell the wreaths on the market or wherever possible, at the best price obtainable. He thus cannot complain of plaintiffs' attempt, made at defendant's own request, to minimize the damages.

■ We pass quickly over the next contention of defendant that the Court below should have instructed the jury that title to the wreaths passed when these were delivered to the carrier and that if the wreaths were damaged later, the loss should fall upon the plaintiffs; for the instruction which the Judge gave was entirely adequate

and to the same effect as the instruction which was requested.

We now take up defendant's argument that the Court below should not have charged the jury that as a matter of law it was not necessary for plaintiffs to inspect the wreaths, and that the question of whether the wreaths had been inspected, or should have been inspected, was for the jury. Defendant's contention is foreclosed against him by the language of Mr. Justice Holt in Newbern v. Baker, supra, who, at 147 Va. 1003, 133 S.E. at page 502 stated: "It is also true that plaintiff did not inspect them when loaded aboard the cars nor afterwards. It was not required to do so. It had a right to rely upon defendant's promise that merchantable stock was to be delivered. Should a wholesale dealer purchase a carload of No. 1 apples for resale the grower to pack, he might reship this car without examination relying upon the good faith of his vendor, and, if the apples turned out to be culls, he could recover damages therefor. He might do more. He might inspect them and accept them, though they did not come up to the warranty, and sue for damages. The right to recover damages in such circumstances is sustained by the weight of authority and is no longer an open question in this state."

See, also, Latham v. Powell, 127 Va. 382, 402, 103 S.E. 638, 643; Gerst v. Jones & Co., 32 Grat., Va., 518, 535, 34 Am.Rep. 773. Moreover, the evidence in the instant case shows that defendant knew the plaintiffs were wholesalers and that they would ship to retailers some of the wreaths, just as they were received.

The next question presented is did the District Court fairly submit to the jury the question of whether sorting the wreaths constituted an election to accept them. But the sorting was done at the request of defendant, according to uncontradicted testimony, and the Judge's charge to the jury on this point was fair and ample.

The question of damages was fairly covered by the Judge below in his instructions to the jury, and no error appears with respect to the amount of damages found by the jury.

Defendant's final contention is that the District Court erred in directing a verdict for the third-party defendant, The Sherwin-Williams Company. But there was clearly no evidence to go to the jury which would warrant the imposition of any legal liability upon The Sherwin-Williams Company for the defective condition of the wreaths.

There is no merit in this appeal, and the judgment of the District Court is accordingly affirmed.

Affirmed.